TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Joan Messina

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Joan Messina, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Hammerman and Hultgren, P.C.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Joan Messina, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Joan Messina (hereafter "Plaintiff"), is an adult individual residing in Phoenix, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Hammerman and Hultgren, P.C. (hereafter "Defendant"), is an Arizona company with an address of 3101 North Central Avenue #500, Phoenix, Arizona 85012, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Defendant and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendant at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Capital One (the "Creditor").

9. The Debt arose from services provided by the Creditor, which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect the Debt.

11. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Defendant Engages in Harassment and Abusive Tactics

12. Within the last year, Defendant contacted Plaintiff in an attempt to collect the Debt.

3

13. Defendant placed calls two calls a day to both Plaintiff's home telephone and cellular phone.

14. Defendant began calling Plaintiff approximately two times per day in or around March of 2012.

15. From the outset of Defendant's calls, Plaintiff explained to Defendant that she was on sick leave from her job, that her wages had been cut, that she had been forced to short sale her home, and that she could not afford to satisfy the Debt in full with one payment.

16. On numerous occasions, Plaintiff explained to Defendant that she was on disability and would be undergoing surgery; therefore, she was receiving far less of her usual income and could not afford to satisfy the Debt in a single payment.

17. At one point, Plaintiff attempted to negotiate a settlement agreement to make monthly payments to Defendant. When Plaintiff suggested a payment plan of $50.00 a month, Defendant rudely responded that $50.00 per month was not enough and yelled at Plaintiff that she would never pay the debt off with that amount.

18. During one phone conversation, Defendant stated that Plaintiff did not actually want to pay the Debt and falsely stated that Plaintiff had recently spent $700.00 and therefore did have money to satisfy the Debt.

19. In or around May of 2012, Plaintiff received a Summons and Complaint, which had been filed by Defendant in the Maricopa County Justice Court. Plaintiff contacted

4

Defendant and asked what the papers referred to.  Defendant told Plaintiff that the legal papers required no action and told Plaintiff "not to worry about it."

20. Defendant further informed Plaintiff that the only significance of the legal documents was that Creditor could decide to take Plaintiff to court.

21. Plaintiff relied on Defendant's intentional, false, and misleading statements and never responded to the Complaint.

22. On or about August 2, 2012, Defendant obtained a default judgment against Plaintiff in the amount of $4,282.69 plus $151.00 in costs.  Plaintiff never defended herself based on Defendant's intentional, false, and misleading statements that she did not need to take any action.

23. On August 14, 2012, Defendant wrote a letter to Plaintiff, threatening to garnish her wages.

**C.**     **Plaintiff Suffered Actual Damages**

24. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

25. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

# COUNT I

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

# 15 U.S.C. § 1692, et seq.

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

28. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

29. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

30. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

31. The Defendants misrepresented the character, amount, and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

32. The Defendants falsely informed the Plaintiff that no action was necessary when the Plaintiff had received legal process, in violation of 15 U.S.C. § 1692e(15).

33. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

34. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **COUNT II**

## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

37. The acts, practices, and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

38. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

39. As a result of the Defendants' intentional infliction of emotional distress, the Plaintiff is entitled to actual damages in an amount to be determined at trial.

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations;

E. Punitive damages; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | DATED:  September 6, 2012 | LEMBERG & ASSOCIATES, LLC |
| 3 | | |
| 4 | | By:  */s/  Trinette G. Kent* |
| 5 | | Trinette G. Kent |
| 6 | | Attorney for Plaintiff |
| 7 | | Joan Messina |